**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TIMI M. REED,                )<br>                                          )<br>            Plaintiff,         )<br>                                          )<br>vs.                                    )<br>                                          )<br>HONEYWELL INTERNATIONAL, )<br>INC.; LOREN STRELOW; and JAMIE )<br>EDEN,                          )<br>                                          )<br>            Defendants.   )<br>                                          )<br>_____) | Case No. CV 07-396-PHX-MHM<br><br>**ORDER** |

On June 11, 2008, Plaintiff Timi Reed ("Plaintiff") filed a motion for limited reopening of discovery and for leave to file a supplemental response to her motion for summary judgment. (Dkt. #72). Defendants oppose this motion. (Dkt. #74). After considering the pleadings, the Court issues the following order.

Pursuant to the Court's June 22, 2007 scheduling order, the discovery period in this case ended on February 22, 2008. (Dkt. #15). Plaintiff now, approximately four months after the discovery deadline, requests that the Court reopen discovery to allow Plaintiff to, among other things, depose Kevin Covert, Defendant Honeywell's Deputy General Counsel of Human Resources. (Dkt. #72, pp. 2-3).

This case involves a claim for wrongful termination under the Uniformed Services Employment and Reemployment Rights Act of 1993, 38 U.S.C. § 4301, et seq. ("USERRA"). Plaintiff claims that "her employment was terminated in violation of the mandate of 38 U.S.C.

1 § 4316(c)(1) that she could only be terminated for cause within one year following her return
2 from active duty." (Id.). Defendants, on the other hand, contend that they had cause to
3 terminate Plaintiff's employment under the USERRA.

4 Plaintiff states that on May 21, 2008, Mr. Covert, one of the individuals who
5 authorized Plaintiff's termination, moderated a Continuing Legal Education ("CLE")
6 program entitled "Reporting Back for Duty: USERRA and the Rights of Military
7 Employees." (Id., p.2). During that program, Mr. Covert apparently discussed what he
8 believes constitutes "cause" for termination under the 38 U.S.C. § 4316(c)(1) and the
9 USERRA. (Id.). Plaintiff contends that "Mr. Covert's statements are evidence that Plaintiff
10 in this case was terminated without cause, and that Honeywell's violations of USERRA were
11 willful." (Id., p.3). In addition, Plaintiff states that "Mr. Covert's statements were not [ ]
12 discoverable" until the May 21, 2008 CLE program. (Id.). Thus, Plaintiff requests that the
13 Court reopen discovery to allow Plaintiff to pursue this line of inquiry and depose Mr.
14 Covert. (Id.).

15 The Court finds that Plaintiff has not established good cause to reopen discovery with
16 respect to this matter. Although Mr. Covert's statements might support Plaintiff's claim that
17 Defendants violations of the USERRA were willful, Plaintiff has offered no reason why she
18 did not or could not have deposed Mr. Covert prior to the close of discovery. In her motion,
19 Plaintiff states that Mr. Covert was one of the individuals who authorized Plaintiff's
20 termination, and as such, Plaintiff was aware of Mr. Covert's involvement in this case during
21 the discovery period, but Plaintiff chose not to depose him. It has been approximately four
22 moths since discovery close in this case, and there is nothing in Mr. Covert's statements, as
23 cited by Plaintiff, that excuse Plaintiff's failure to depose Mr. Covert during the normal
24 discovery process; there is nothing to indicate evidence that Mr. Covert's opinions on what
25 constitutes "cause" under the USERRA was undiscoverable before the discovery deadline.
26 Thus, the Court denies Plaintiff's request to reopen limited discovery with respect to this
27 matter. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006)
28 (district court acted within its discretion when it denied employee's motion to reopen

discovery, which had not been conducted due either to counsel's ineffective strategy or lack of diligence, although requested supplemental discovery might have revealed highly probative evidence).

**Accordingly,**

**IT IS HEREBY ORDERED** Plaintiff's motion for limited reopening of discovery and for leave to file a supplemental response (Dkt. #72) is DENIED.

DATED this 26th day of June, 2008.

_____
Mary H. Murgula
United States District Judge